UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JACOB ROBBINS,

      Plaintiff,

v.                                                                    Case No: 6:15-cv-1783-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## ORDER[1]

Plaintiff brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for disability insurance and supplemental security income benefits under the Act. Upon review of the record and after due consideration, the Commissioner's final decision is **REVERSED** and the case is **REMANDED**.

### Background[2]

Plaintiff was 35 years old on the date of the adverse administrative decision (R. 20, 205), with a GED education and work experience as an electrician and an electrician's helper (R. 240). He alleged an inability to work due to (1) back pain; (2) knee pain; (3) depression; (4) anxiety; (5) MRSA infection; (6) neck pain; (7) left upper extremity pain and numbness; and (8) seizure disorder (R. 56-69, 239). He was insured for the purpose of SSDI through March 31, 2014 (R. 226).

---

[1] Both parties have consented to the exercise of jurisdiction by a magistrate judge and the matter has been referred in accordance with 28 U.S.C. §636(c) and FED .R. CIV. P. 73 (Doc. 14).

[2] This information is taken from the parties' Joint Memorandum (Doc. 23).

Plaintiff's applications were denied initially and on reconsideration, and he requested and received an administrative hearing before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision on March 24, 2014 (R. 20-45). Plaintiff timely filed a Request for Review of Hearing Decision with the Appeals Council, however, the Appeals Council denied further review on September 8, 2015 (R. 1). Accordingly, the ALJ's March 2014 decision finding Plaintiff not disabled is the final decision of the Commissioner. Having exhausted all available administrative remedies, Plaintiff timely filed this action for judicial review (Doc. 1).

### The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Social Security Administration and set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). The ALJ must determine whether the plaintiff (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The plaintiff bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his December 1, 2008 alleged onset date (R. 25). At step two, the ALJ determined that Plaintiff had the following severe impairments: (1) degenerative disc disease, thoracic and lumbar spine with compression deformities in thoracic spine; (2) peripheral neuropathy; (3) seizure disorder; (4) right upper extremity pain; (5) obesity; (6)

generalized anxiety disorder/ panic disorder; and (7) major depressive disorder (20 CFR 404.1520(c) and 416.920(c)). (R. 25). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that medically met or equaled the severity of any of the impairments listed in 20 CFR Part 404, Subpat1 P, Appendix 1. (R. 26). Before proceeding to step four, the ALJ decided that Plaintiff had the residual functional capacity ("RFC") to perform:

> medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant can lift 50 pounds occasionally and 25 pounds frequently; can stand and walk for six hours in an eight hour workday; can sit for six hours in an eight hour workday; should never climb ladders, ropes, or scaffolds; can frequently perform overhead reaching with light upper extremity; frequently balancing, stooping, kneeling, crouching, or crawling; should avoid hazards such as unprotected heights or dangerous machinery and full body vibration; the claimant requires a object focused work environment in which contact with co-workers and supervisors is casual and occasional in a non-public work setting; can perform simple routine tasks; can maintain attention and concentration for two hour segments during an eight hour workday; and the claimant is able to adapt to gradual changes in a routine work environment.

(R. 30).

At step four, the ALJ found that Plaintiff was not able to perform any of his past work, but the ALJ found at step five, based on vocational expert testimony, that there was other work in the national economy Plaintiff could perform (R.36-37). Thus, the ALJ concluded Plaintiff was not disabled from December 1, 2008, through the date of the ALJ's decision (R. 38).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir.

2004). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

Plaintiff complains that the ALJ failed to give proper weight to the opinions of his treating physicians in determining Plaintiff's RFC. The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. Winschel , 631 F.3d at 1178-79 (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.

1987).) When evaluating a physician's opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. See 20 C.F.R. §§ 404.1527(c), 416.927(c).

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Lewis v. Callahan, 125 F.3d 1436 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). Good cause for disregarding an opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. Lewis, 125 F.3d at 1440. By contrast, a consultative examiner's opinion is not entitled to the deference normally given a treating source. See 20 C.F.R. § 404.1527(c)(2); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004) (noting a one-time examiner's opinion is not entitled to great weight). Nonetheless, all opinions, including those of non-treating state agency or other program examiners or consultants, are to be considered and evaluated by the ALJ. See 20 C.F.R. §§ 404.1527, 416.927, and Winschel.

Plaintiff contends that the ALJ did not adequately evaluate the opinions of two of his treating physicians: Dr. Sabapathy and Dr. Borges. Internist Mudanai Sbapathy, M.D., treated Plaintiff's neck and back pain over the course of several years (R. 406). He eventually referred Plaintiff to an orthopedist and to pain management. On December 9, 2011, Plaintiff began treatment with Ibem Borges, M.D. at his pain clinic, and continued to

treat there until September 2013. Both physicians issued opinions and imposed medical restrictions relating to Plaintiff's functionality.[3]

The ALJ's decision discusses the treatment notes and opinions of Dr. Sabapathy (e.g. R. 35), but makes no mention of Dr. Borges or his opinions, other than a cursory reference to "regular pain management services with prescription of narcotic pain medications" (R. 32). The failure of the ALJ to specify what weight is given to Dr. Borges' opinion or the reasons for giving it no weight is reversible error.

The Commissioner acknowledges that the ALJ "did not specifically state that [s]he was accepting or rejecting" opinion evidence from Dr. Borges, but contends that the ALJ "considered this opinion evidence because [s]he cited Exhibit 6F, the exhibit containing Dr. Borges opinion" (Doc. 23 at 31, citing R. 32, 434). The failure to discuss the opinion is not fatal, according to the Commissioner, because Dr. Borges' opinion "was *somewhat similar* to the opinion evidence from Dr. Sabapathy, and thus, the same reasoning the ALJ had for the weight he applied to Dr. Sabapathy, namely that it was an overestimation of Plaintiff's limitations and inconsistent with the evidence of record, applied to Dr. Borges as well" (Id., citing R. 32, 35, 434; emphasis added). The Court is not persuaded.

Citing to an exhibit is not the equivalent of "stating with particularity the weight given to different medical opinions and the reasons therefor." Winschel, 631 F.3d at 1179. In the absence of such a statement, "it is impossible for a reviewing court to determine

---

[3] Dr. Borges opined that Plaintiff had the following limitations: For his cervical spine, Plaintiff needed to avoid strenuous activities. (R. 434). He should not lift greater than 20 pounds and no repetitive movements of the upper extremities. Dr. Borges also opined Plaintiff should not work overhead. In regards to thoraco-lumbar spine, Dr. Borges opined Plaintiff was restricted from bending, squatting, twisting, jumping, and jogging. Dr. Borges opined Plaintiff should not sit or stand for extended periods. Dr. Borges opined claimant should not lift greater than 40 pounds floor to waist and no repetitive movements of the lower extremities (R. 434).

whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir.1981).

It is not the task of the Court to evaluate whether the opinions of different treating doctors are "somewhat similar," or to weigh the effect of any discrepancy. This fact finding is the province of the ALJ. McDaniel v. Bowen, 800 F.2d 1026, 1032 (11th Cir. 1986). The Commissioner's assumption that the ALJ would have rejected or discounted Dr. Borges' opinion is a *post hoc* justification that cannot be considered for the first time, on review. See Owens. Heckler, 748 F. 2d 1511, 1516 (11th Cir. 1984).

As the record reflects opinions of a treating source that were not adequately considered, remand is required. On remand, the ALJ must explicitly consider and explain the weight accorded to the medical opinion evidence. Winschel, 631 F.3d at 1179.

## Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) The Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings consistent with the foregoing; and

(2) The Clerk of Court is directed to enter final judgment pursuant to 42 U.S.C. § 405(g) and thereafter to close the file.

(3) The deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

(4) Upon receipt of such notice, Plaintiff shall promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's brief to advise that the notice has been received.

**DONE** and **ORDERED** in Orlando, Florida on December 12, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record